# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEDICATED LOGISTICS, INC.,            ) | |
|                                       ) | |
| Cross Claimant /Counterclaim Defendant, ) | |
|                                       ) | |
|           v.                          ) | Civil Action No. 11-1153 |
|                                       ) | Hon. Nora Barry Fischer |
| PENNSYLVANIA POWER COMPANY,           ) | |
|                                       ) | |
| Cross Claimant / Counterclaimant.     ) | |

## ORDER OF COURT

Presently before the Court are three related motions in limine filed by the parties pertaining to the provision of opinion testimony by lay witnesses versus expert witnesses at trial as to the cause of the accident, i.e., whether the Dedicated truck's first contact was with the guy wire or the alleged low hanging wires on May 19, 2011. Both parties have proffered expert witnesses to opine on the causation issues and pursue these motions seeking to exclude their opponents' lay witnesses from explaining when, how, or why the truck's contact with the guy wire and/or low hanging wires occurred. These motions, relevant briefing and attachments include:

- Penn Power's Motion in Limine to Exclude Claims Inspectors' Opinion Testimony (Docket No. [148]), its Brief in Support, (Docket No. [149]); Dedicated's Response (Docket No. [173]);
- Penn Power's Motion in Limine to Exclude Fire and Police Responders' Testimony Concerning Causation (Docket No. [150]), its Brief in Support (Docket No. [151]); Dedicated's Response (Docket No. [172]);
- Dedicated's Motion in Limine to Preclude Penn Power Employees and/or Representatives Involved in the Repair to Offer an Opinion as to the Ultimate Cause of the Incident in this case (Docket No. [152]), its Brief in Support, (Docket No. [153]); Penn Power's Response (Docket No. [162]) and Proposed Jury Instructions (Docket No. [182]), and Dedicated's Reply Brief, (Docket No. [189]),

1

After careful consideration of these filings and the relevant evidence presented by the parties, the Court will GRANT each of these Motions [148], [150] and [152]. In so holding, the Court notes that Rule 701 permits a lay witness to offer an opinion on certain matters but such instances are limited. To this end Rule 701 states that:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) **rationally based on the witness's perception**;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701 (emphasis added). The "prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." *Asplundh Mfg. Div. v. Benton Harbor Eng' g*, 57 F.3d 1190, 1196 (3d Cir. 1995).

As this Court has previously held, "Rule 701 makes clear that any testimony based on 'lay opinion must be rationally based on the witness's perception' and 'firsthand knowledge of the factual predicates that form the basis for the opinion.'" *Corner Pocket, Inc. v. Travelers Indem. Co.*, 2014 WL 657610 at *2 (W.D. Pa. Feb. 20, 2014) (quoting *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 225 (3d Cir. 2008)). Of course, Rule 702 does allow a qualified expert to testify based on "scientific, technical or other specialized knowledge." FED. R. EVID. 702. Witnesses who testify pursuant to Rule 702, however, must be disclosed as expert witnesses, *see* FED. R. CIV. P. 26(a)(2)(A), and must provide an expert report containing "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the

witness's qualifications, including a list of all publications authored in the previous 10 years; [and] (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." FED. R. CIV. P. 26(a)(2)(B).

It is undisputed that the only two individuals who possibly observed the accident in question are Dedicated's driver Harris and his passenger Lirette. Harris and Lirette can testify as to what they saw, heard, felt and observed at the time this accident occurred, including whether they saw, felt, heard, or observed the truck hit the guy wire or not. In contrast, the challenged lay witnesses, (none of whom were properly disclosed as experts), did not personally observe the occurrence of the accident but responded to the scene and personally observed, at most, the aftermath of the accident during the course of their jobs as fire fighters, police officers, or employees/designees of the parties. Thus, the opinions of these lay witnesses as to when and where the truck's contact occurred are not admissible under Rule 701 because they have no firsthand knowledge of the factual predicates forming those opinions and they are relying on whatever Harris and/or Lirette told them or surmising from their observance of other pieces of physical evidence (the guy wire or the truck) they saw at the scene or otherwise to opine why the accident occurred. *See Corner Pocket, Inc.*, 2014 WL 657610 at *2. However, such purported causation opinions are more properly within the purview of the proffered expert witness testimony. As no efforts were made to qualify any of these challenged lay individuals as experts in accordance with the applicable provisions of Rule 26, the Motions in Limine [148], [150], [152] must be granted.

Further, to the extent that such evidence does not directly violate Rule 701 (and Rule 26), the Court believes that the probative value of such lay opinion evidence is minimal and simply unnecessary and redundant due to the fact that expert testimony will be offered on the disputed

issue of causation.  Hence, the challenged lay opinion evidence is likewise excluded under Rule 403 because the potential probative value is substantially outweighed by the introduction of such evidence that is unfairly prejudicial, will mislead the jury, confuse the issues, cause undue delay, and waste time.  *See* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

For these reasons,

IT IS HEREBY ORDERED that the Motions in Limine filed at Docket Nos. [148], [150], and [152] are GRANTED;

IT IS FURTHER ORDERED that aside from the proffered expert witnesses as well as Harris and Lirrette (to the extent they have anything to offer), no witnesses are permitted to offer an opinion as to how this accident occurred;

IT IS FURTHER ORDERED that this ruling has no bearing on the Court's prior decision regarding the Haberkorn email which remains admissible to impeach Harris and Haberkorn; and,

FINALLY, IT IS ORDERED that the attorneys shall inform all of the challenged lay witnesses that they are precluded from offering their opinions as to how this accident occurred and that the attorneys shall not make any reference to any lay opinions before the jury at any time during trial.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date:   May 21, 2015
cc/ecf:  All counsel of record.