| | | |
|---|---|---|
| DEDICATED LOGISTICS, INC., | ) | |
| | ) | |
| Cross Claimant /Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1153 |
| | ) | Hon. Nora Barry Fischer |
| PENNSYLVANIA POWER COMPANY, | ) | |
| | ) | |
| Cross Claimant / Counterclaimant. | ) | |

## ORDER OF COURT

AND NOW, this 21st day of May, 2015, upon consideration of Penn Power's Motion in Limine Concerning Utility Inspection Practices, (Docket No. [142]), its Brief in Support, and attachments, (Docket No. [143]), and Dedicated's Brief in Opposition and attachments, (Docket No. [174]), and further considering the Court's prior rulings denying Penn Power's Motion in Limine Regarding "Low Hanging" Lines, (Docket No. [185]) and granting Penn Power's Motion in Limine to Preclude Pole "Rot" Assertion, (Docket No. [193]),

IT IS HEREBY ORDERED that Penn Power's Motion in Limine Concerning Utility Inspection Practices [142] is GRANTED, IN PART, and DENIED, IN PART. Such Motion is granted to the extent that evidence concerning the pre-April 20, 2011 inspections of the pole are excluded given the Court's ruling precluding Dedicated from presenting evidence of the pole "rot" assertion. (*See* Docket No. 193). Such Motion is denied insofar as Dedicated shall be permitted to introduce evidence that there was no inspection performed by Penn Power after the April 20, 2011 repair which is challenged in this case.

At present, given all of the Court's rulings, it is difficult for the Court to predict how or if Penn Power will contest this undisputed fact that no inspection was completed in the timeframe after the April 20, 2011 repair but before the May 19, 2011 accident. However, the Court may

1

revisit this ruling in the event that Penn Power "opens the door" to its inspection practices by relying upon same to argue to the jury that they were not required to conduct an inspection after the April 20, 2011 repair. If, for example, Penn Power argues or one of its witnesses testifies that it had a 12-year inspection cycle and the subject pole was not due for an inspection until 2012, at that point, some of Penn Power's inspection practices and procedures may become relevant but such evidence will be limited in accordance with Rules 403 and 611. It will be incumbent upon Dedicated to present a proffer to the Court demonstrating the admissibility of any evidence that it will seek to utilize for impeachment purposes.

As always, the parties should meet and confer on this issue and advise the Court at the Pretrial Conference if Penn Power intends to utilize its inspection practices in any manner. They should also negotiate the extent of cross-examination and evidence that Dedicated intends to introduce to dispute any such evidence.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge


cc/ecf: All counsel of record.